## SIMPSON et ux. v. SHAW.

No. 8508.

Court of Civil Appeals of Texas. San Antonio.

Dec. 10, 1930.

Rehearing Denied Jan. 7, 1931.

Arthur H. Bartelt, of San Antonio, for plaintiffs in error.

C. S. Arnold, of San Antonio, for defendant in error.

COBBS, J.

This suit was brought by defendant in error against plaintiffs in error, husband and wife, to recover $550 on a promissory note executed by them, together with interest at the rate of 8 per cent. per annum attorney's fees, and for foreclosure of the chattel mortgage securing the note. The chattel mortgage was on a 1928 model Master Six Buick brougham automobile.

The answer, among other defenses, pleaded that defendant in error was not the owner of the note, but that he was only one of five owners, the others being Louis Martin, Ray Martin, R. C. Martin, and Terry J. Balhorn, from whom plaintiffs in error borrowed the money, and that these parties were necessary parties to the suit. We overrule this contention as without merit. Plaintiffs in error further pleaded that the note was usurious, in that, besides the 8 per cent. interest mentioned in the note, they then and there executed, as a condition for making said loan, two oil and gas lease assignments to two tracts of land, each consisting of 135 acres, or a total of 270 acres of land, reasonably worth in excess of 50 cents per acre, or $135; and prayed for a judgment canceling said liens and declaring the same to be null and void.

The cause was tried without a jury, and the court found in favor of defendant in error against plaintiffs in error in the sum of $501.-57 in full of the interest and attorney's fees, and for foreclosure of the lien on the Buick automobile. The court deducted the so-called usurious interest and filed his findings of fact.

We do not think the other parties named, who advanced the money to make the loan, were necessary parties to the suit at all, and the judgment and foreclosure without their presence was all right.

This is a county court case. We think it has been fairly tried and justice administered. The appeal presents no error that should require a reversal, and the judgment is affirmed.